

**Hogan Lovells**

April 22, 2014

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 2 4 2014 ★

LONG ISLAND OFFICE

Lisa J. Fried
Partner
+1.212.909.0658
Lisa.Fried@hoganlovells.com

**VIA ECF**

Honorable Sandra J. Feuerstein
United States District Judge
100 Federal Plaza
Central Islip, NY 11722

Re: *Craig v. Saxon Mortgage Services, Inc., et al.*, No. 13-cv-4526 (SJF)(GRB)

Dear Judge Feuerstein:

As counsel for Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), we write on behalf of MERS, NS Realty Investors Group, LLC ("NS Realty"), Kondaur Capital Corporation ("Kondaur"), Saxon Mortgage Services, Inc. ("Saxon"), Ira Bierman ("Bierman"), and HDHJ Group LLC ("HDHJ Group") to request that the Court stay discovery pending resolution of defendants' anticipated and already served motions to dismiss the frivolous claims of *pro se* plaintiff Rochelle Craig ("Craig"). The motions will show that the case can be resolved on the pleadings, obviating any need for discovery.[1]

Craig instituted this action on August 9, 2013, against defendants NS Realty, Kondaur, and Does 1-10. NS Realty answered and Kondaur moved to dismiss. The Court issued an order on December 4, 2013, scheduling a pretrial conference for June 10, 2014 and requiring that all discovery in the matter be completed by that date. Craig filed an Amended Complaint on February 4, 2014, without seeking the consent of NS Realty and Kondaur or leave of Court. In light of Craig's *pro se* status, the Court, over the opposition of NS Realty and Kondaur, accepted the Amended Complaint on April 4, 2014. The Amended Complaint adds Saxon, Decision One Mortgage Company, LLC ("Decision One"), MERS, Andrew Rieger, Bierman, and HDHJ Group as defendants. The newly added defendants were served in March and April, and for many of the defendants, the response to the Amended Complaint is not yet due.

The claims asserted by Craig in the Amended Complaint arise out of two mortgage loans she obtained from Decision One in 2005, secured by the real property she owned located at 76 Neptune Avenue, Brookhaven Twp., New York. Am. Compl. ¶¶ 13-14. Craig's Amended Complaint is a last-ditch effort by her to set aside the Judgment of Foreclosure and Sale that had been entered in the New York Supreme Court, even though she admits that she defaulted on her

---

[1] Counsel for MERS left Craig a voicemail on April 17, asking if she would consent to our request for a stay of discovery. Craig has not responded to the voicemail.

2

loans in December 2005. *See* Am. Compl. ¶ 44. Craig claims that "[t]here are parties trying to foreclose on [her] property to cause [her] to lose [her] home to foreclosure" and contends that they are doing so "unlawfully." Affidavit of Rochelle Craig, dated February 4, 2014 ("Craig Aff"), ¶¶ 1, 3. As support, Craig recites a litany of general complaints against the mortgage industry: (1) lenders give loans to borrowers that can't afford them (Am. Compl. ¶¶ 38-43), (2) homeowners living near foreclosed properties see decreases in property values (Am. Compl. ¶¶ 50-51), (3) securitization destroys the validity of notes (Am. Comp. ¶ 74), and (4) banks and servicers engage in foreclosure fraud (Am. Compl. ¶ 75).

In the Amended Complaint, Craig asserts twelve causes of action and seeks to enjoin all defendants from foreclosing on the property, notwithstanding that the Judgment of Foreclosure and Sale was entered by the New York Supreme Court on December 5, 2012 and the foreclosure sale of the property took place on August 13, 2013. Her claims are frivolous and are essentially a collateral attack on the Judgment of Foreclosure and Sale and are duplicative of Craig's affirmative defenses already asserted and litigated in the foreclosure action. Kondaur has already moved to dismiss the claims, and defendants MERS, Saxon, NS Realty, Bierman, and HDHJ Group plan to do the same.

In light of the anticipated and already served motions to dismiss, defendants respectfully request that the Court set a new pretrial conference date and that discovery be stayed until the motions are decided. Craig's claims are meritless and can be resolved on the motions to dismiss. Defendants – some of whom are just now appearing in the case – should not be required to undertake what is essentially expedited and burdensome discovery on an unrealistic and rapid timetable given the likelihood that Craig's claims will be dismissed in their entirety on the pleadings.

If the Court would find it useful, defendants are available for a status conference to discuss these procedural issues.

Respectfully yours,

*Lisa Fried*

Lisa Fried

## Order

The application is:

✓ **granted** insofar as discovery is stayed for six (6) months from the date of this order. The pretrial conference scheduled for 6/10/14 is adjourned to 10/28/14 at 11:15 a.m.
___ **denied**
___ **referred to Magistrate Judge** _____ for
   ___ decision
   ___ report and recommendation

SO ORDERED.

s/ Sandra J. Feuerstein

U.S.D.J.      4/24/14