UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROCHELLE CRAIG,

                       Plaintiffs,

        - against -

SAXON MORTGAGE SERVICES, INC. DECISION ONE
MORTGAGE     COMPANY,     LLC;     MORTGAGE
ELECTRONIC   REGISTRATION   SYSTEMS,   INC.
("MERS"); NS REALTY INVESTORS GROUP, LLC;
IRA BIERKMAN, owner North Shore Investors Realty
Group, HDHJ Group LLC and NS Realty Investors Group;
ANDREW RIEGER Executive Accountant for Kondaur
Capital    Corporation;    KONDAUR    CAPITAL
CORPORATION; HDHJ GROUP LLC and DOES 1 to 50
Inclusive; NS  REALTY  INVESTOR  GROUP,  LLC;
KONDAUR CAPITAL CORPORATION; DOES 1 TO 10
INCLUSIVE;

                       Defendants.
------------------------------------------------------------------------x

**NOTICE OF PRE-ANSWER
MOTION TO DISMISS**

Case No. 13-cv-4526-
(SJF)(GRB)

      Defendant Kondaur Capital Corporation hereby moves this Court for the following relief:

(a) an Order pursuant to Federal Rules of Civil Procedure 12(b)(6) and Rule 9(b) dismissing the

Plaintiff Rochelle Craig's Amended Complaint for failure to state a claim upon which relief can

be granted as against the Defendant herein; and (b) such other and further relief as to this Court

seems just and proper.

Dated: April 10, 2014
      Elmsford, New York

                              Very truly yours,

                              Fincey John, Esq.
                              Knuckles, Komosinski & Elliot, LLP
                              Attorneys for Defendant
                              *Kondaur Capital Corporation*
                              565 Taxter Road
                              Elmsford, New York 10523
                              (914) 345-3020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
ROCHELLE CRAIG,

                              Plaintiffs,

                  - against -                                     Case No. 13-cv-4526-
                                                         (SJF)(GRB)

SAXON MORTGAGE SERVICES, INC. DECISION ONE
MORTGAGE COMPANY, LLC; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.
("MERS"); NS REALTY INVESTORS GROUP, LLC; IRA
BIERKMAN, owner North Shore Investors Realty Group,
HDHJ Group LLC and NS Realty Investors Group;
ANDREW RIEGER Executive Accountant for Kondaur
Capital Corporation; KONDAUR CAPITAL
CORPORATION; HDHJ GROUP LLC and DOES 1 to 50
Inclusive; NS REALTY INVESTOR GROUP, LLC;
KONDAUR CAPITAL CORPORATION; DOES 1 TO 10
INCLUSIVE;

                              Defendants.


---------------------------------------------------------------------------x


DEFENDANT KONDAUR CAPITAL CORPORATION'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Knuckles, Komosinski & Elliot, LLP
Attorneys for Defendant
*Kondaur Capital Corporation*
565 Taxter Road
Elmsford, New York 10523
(914) 345 – 3020
(914) 366 – 0080

## PRELIMINARY STATEMENT

Defendant Kondaur Capital Corporation (hereinafter "Kondaur"), hereby moves before this Court for an Order seeking dismissal of Plaintiff Rochelle Craig's (hereinafter "Plaintiff") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as it fails to state a claim upon which relief can be granted and Rule 9(b) as it fails to meet the pleadings requirements for fraud.

The gravamen of Plaintiff's Amended Complaint involves a loan transaction wherein the Plaintiff borrowed the sum of $212,800.00 from Decision One Mortgage Company, LLC. This loan was secured by a mortgage on real property located at 76 Neptune Avenue, Brookhaven TWP, New York 11950 (hereinafter the "Premises"). Thereafter, the note and mortgage were assigned to Kondaur. Upon Plaintiff's default on her monthly mortgage payments, Kondaur commenced a foreclosure action in the Supreme Court for the State of New York, Suffolk County under index number 29882/2010 (hereinafter the "Foreclosure"). Shortly after commencing the foreclosure action, Kondaur assigned the note and mortgage to North Shore Investors Realty Group, LLC (hereinafter "NSIRG") who continued with the prosecution of the Foreclosure. Upon the transfer of its servicing rights, Kondaur did not maintain an interest in the Premises or in Plaintiff's loan.

In Plaintiff's Amended Complaint, she vaguely asserts twelve causes of action against all named defendants. Essentially all the claims relate to the aforementioned loan transaction, the Foreclosure and the Premises. More specifically, Plaintiff has plead the following: (i) quiet title to the Premises; (ii) violations of the Fair Debtor Collection Practices Act (hereinafter "FDCPA"), pursuant to 15 U.S.C §1692 and violation of the Truth in Lending Act (hereinafter "TILA"), pursuant to 15 U.S.C. §1641; (iii) invalidation of an alleged constructive trust; (iv) unjust enrichment by the Defendants; (v) request for an accounting on her loan; (vi) cancellation

2

of all assignments and invalidation of the Foreclosure; (vii) promissory and equitable estoppel; (viii) fraudulent misrepresentation; (ix) declaratory judgment (x) aiding and abetting in the conspiracy to defraud the Plaintiff; (xi) violations of General Business Law (hereinafter "GBL") Section 349 and Section 350; and finally (xii) a claim for injunctive relief or a temporary restraining order to prevent both the sale of the Premises and an eviction of the Plaintiff. Many of the aforementioned claims seek relief relating to the Premises and details regarding the Plaintiff's loan. As Kondaur maintains no interest in the Premises and is no longer the servicer of Plaintiff's loan, and has not been for quite some time, these claims fail to state a cause of action against Kondaur. With respect to those claims relating to the violation of various statutes, the Plaintiff has wholly failed to assert facts sufficient to determine the nature of the claim. Moreover, those claims that are fraud based fail to meet the pleading requirements of Fed.R.Civ. P. Rule 9(b).

As discussed below, Plaintiff has failed to allege a viable cause of action against Kondaur, which warrants a dismissal of the Amended Complaint with prejudice.


## STANDARD FOR MOTION TO DISMISS

The Federal Rules of Civil Procedure allows for the dismissal of claims when there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). On a motion to dismiss, the Supreme Court has expressly stated that the plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1960 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). The Bell Atlantic Court explained that the complaint "must be specific

3

enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1965 (2007).

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "[B]are assertions," "legal conclusions", and "formulaic recitation[s] of the elements of a cause of action" are "not entitled to the assumption of truth." Id. at 1950-1951.

In deciding a motion to dismiss, the court is not limited to the face of the complaint but "may [also] consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference…and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." ATSI Communication v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

To defeat a 12(b)(6) motion the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Abraham v. American Home Mort. Servicing, Inc., 947 F.Supp.2d 222 (2013); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "A court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997). Further, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss.'" Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (alterations in the original) (internal quotations and citation omitted).

Federal Rule of Civil Procedure Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting the fraud." See Abraham v. American Home Mortg. Servicing, Inc., 947 F. Supp. 2d 222, 230 (2013). "This requirement applies to claims of fraud, intentional misrepresentation, negligent misrepresentation, constructive fraud, and unjust enrichment." Id.   Rule 9(b) pleading requirements mandate the following: "the Complaint must (i) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Id. at 231.

## ARGUMENT

As briefly stated above, Plaintiff's Complaint alleges twelve causes of action against all named Defendants.  A copy of the Amended Complaint, without exhibits, is annexed hereto as Exhibit "F".  Each claim as asserted against Kondaur must be dismissed with prejudice as it fails to state a claim upon which relief can be granted.  Each cause of action will be separately addressed below.

Plaintiff's first claim seeks to quiet title in the Premises.  Plaintiff alleges that none of the defendants have "title, lien or interest" in the Premises (¶ 93 of Exhibit "F").  Although Kondaur did service the Plaintiff's loan for a short period of time and did commence a foreclosure action against the Premises, on or about December 15, 2011, Kondaur assigned its servicing rights to NSRIG.  Please see Exhibit "C" and Exhibit "D".  As such, Kondaur no longer maintains an interest in the Premises and is no longer the servicer of Plaintiff's loan.  Therefore Plaintiff's first claim fails to state a cause of action upon which relief can be granted as against Kondaur.

The second cause of action in Plaintiff's Amended Complaint is for violations of TILA and the FDCPA.  Plaintiff merely recites the purpose of each statute and her general theory that "Decision One and their successors in interest sold the NOTES on Wall Street, thereby separating the mortgage deeds and Notes" (¶102 of Exhibit "F").  Plaintiff wholly fails to allege any facts, specific or general, that explain the basis of Plaintiff's claim.  Moreover, there are no allegations that are directed towards Kondaur.  As Plaintiff fails to meet the pleading requirements of the <u>Bell Atlantic</u> Court, Plaintiff's claims for violation of the FDCPA[1] and TILA should be dismissed as asserted against Kondaur.

The third cause of action in the Amended Complaint is to have Defendants' constructive trust destroyed (¶109 of Exhibit "F") and to prevent the Defendants from depriving Plaintiff of her ownership rights with respect to the Premises.  As stated above, Kondaur maintains no interest in the Premises or the Foreclosure and does not seek to infringe on any of Plaintiff's alleged rights to the Premises.  As such, Plaintiff's third cause of action fails to state a claim upon which relief can be granted against Kondaur.

Plaintiff's fourth cause of action is for unjust enrichment and Plaintiff's eighth cause of action is for fraudulent misrepresentation and negligent misrepresentation.  As both claims are fraud-based causes of action, they must meet the heightened pleading requirements of Fed. R. Civ. P. Rule 9(b).  <u>See</u> <u>Abraham v. American Home Mortg. Servicing Inc.</u>, 947 F. Supp. 2d 222, 230 (2013).  More specifically, Plaintiff's fourth claim alleges that Defendants have been paid in

---

[1] In Plaintiff's initial Complaint, she claimed that Kondaur violated the FDCPA and recited general facts, including dates, about the alleged violation.  Please see Exhibit "A".  Kondaur filed a pre-answer motion to dismiss as Plaintiff's claims were barred by the statute of limitations.  Please see Exhibit "E".  Thereafter, Plaintiff filed the instant Amended Complaint.  Notably, in Plaintiff's Amended Complaint she removes all details regarding the alleged violations, including dates, but instead vaguely discusses the statutes to circumvent the statute of limitations issue.

full on the note and should not be permitted to be enriched a second time through the Premises (¶112 of Exhibit "F"), while she vaguely claims that each Defendant "misrepresented facts" regarding the chain of notes and made "material misrepresentations" regarding ownership of the note with the intention of seizing the Premises in her eighth cause of action. (¶131 and ¶132 of Exhibit "F"). In both claims, Plaintiff fails to identify a single fraudulent statement, fails to identify a single speaker, fails to provide details as to where and when the fraudulent statements were made and fails to explain why these statements were fraudulent. As Plaintiff has wholly failed to meet the applicable pleadings requirements of Rule 9(b), the fourth and eighth causes of action as asserted against Kondaur must be dismissed with prejudice.

Plaintiff's fifth cause of action in the Amended Complaint is for an accounting whereby Plaintiff demands an accurate accounting and audit of the amount owed on her loan. (¶116 of Exhibit "F"). As Kondaur's assigned its servicing rights to NSRIG on or about December 15, 2011, Kondaur does not have an interest in the Premises or in Plaintiff's loan. Accordingly, Kondaur is not in possession of said information and is unable to provide same. Moreover, a demand for accounting is more appropriate in discovery and is certainly not a cause of action. As such, Plaintiff fails to assert a cause of action which relief can be granted as against Kondaur.

The sixth cause of action in the Amended Complaint seeks to cancel the assignments and deem the foreclosure illegal, unconscionable or procured by fraud. (¶120 of Exhibit "F"). Plaintiff requests an order directing the note and mortgage to be returned to her. As previously stated, Kondaur maintains no interest in the Premises and is therefore not in possession of these original documents. Moreover, once Kondaur assigned its interests to NSRIG, Kondaur has no interest in the outcome of the Foreclosure. Please see Exhibit "C" and "D". As such, Plaintiff's

7

sixth cause of action fails to assert a claim upon which relief can be granted as asserted against Kondaur.

The seventh cause of action in the Amended Complaint is for promissory and equitable estoppel. Plaintiff claims that all Defendants are estopped from foreclosing the mortgage or obtaining payments on it. (¶124 of Exhibit "F"). Again, as Kondaur maintains no interest in the Premises, Plaintiff's loan or in the Foreclosure, this cause of action fails to assert a claim upon which relief can be granted as against Kondaur.

The ninth cause of action in the Amended Complaint is for declaratory judgment. The Plaintiff seeks to have this Court enjoin the defendants from continuing with the foreclosure and determining the parties' rights with respect to the Premises. As Kondaur maintains no interest in the Premises and is not involved in the Foreclosure of the Premises, this ninth claim fails to assert a cause of action as against Kondaur.

The tenth cause of action in the Amended Complaint is for aiding and abetting or conspiracy to defraud the Plaintiff. (¶149 of Exhibit "F") It is well settled that "New York does not recognize civil conspiracy to commit a tort as an independent cause of action." Steier v. Schreiber, 25 A.D.3d 519 (1st Dept, 2006). Additionally, Plaintiff again fails to provide any factual basis regarding this claim. As such, Plaintiff has failed to assert a cause of action upon which relief can be granted as against Kondaur.

The eleventh cause of action in the Amended Complaint is for deceptive and fraudulent business acts and practices pursuant to General Business Law §§349 and 350. Plaintiff claims that Defendants worked to unlawfully obtain title to the Premises by misrepresenting facts regarding ownership of the loan. However, she fails to provide any further details regarding this claim. GBL § 349 is a consumer protection statute, the typical violation of which "involves an

8

individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising." See Teller v. Bill Hayes, Ltd., 213 A.D.2d 141, 630 N.Y.S.2d 769 (2d Dept. 1995).   To establish a violation of the statute, a plaintiff must allege and establish that the acts or practices of which he or she complains have a broader impact on consumers at large.   See, Oswego Laborers Local 214 Pension Fund v. Marine Midland Bank, N.A.,85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995).    Here, the Plaintiff claims that the assignment of the note and mortgage was fraudulent and deceptive resulting in an alleged violation of the statute.  Plaintiff fails to specify how the assignments were false and misleading and how it could impact consumers at large.  Moreover, Plaintiff fails to demonstrate how the alleged deceptive assignments resulted in her injury, which is an essential element of a claim under GBL 349.  See Abraham v. American Home Mortg. Servicing, Inc., 947 F. Supp. 2d 222, 234 (2013).  As Plaintiff has failed to properly plead a cause of action under GBL §§ 349 and 350, the eleventh cause of action must be dismissed with prejudice as against Kondaur.

The twelfth and final cause of action in Amended Complaint seeks injunctive relief or a temporary restraining order.  More specifically, Plaintiff seeks to have the Foreclosure enjoined and that the sale of the Premises be stayed (¶ 162-163 of Exhibit "F").  However, as Kondaur has no interest in the Premises this claim fails to state a cause of action upon which relief can be granted against Kondaur.

## CONCLUSION

The foregoing discussion reveals that Plaintiff Rochelle Craig's Amended Complaint against Defendant Kondaur Capital Corporation wholly fails to state a claim upon which relief can be granted.   Moreover, Plaintiff fails to meet the pleadings requirements of Fed. R. Civ. P. 12(b)(6) and Rule 9(b).   As such, Plaintiff's Amended Complaint should be dismissed with prejudice.

Dated: April 10, 2014
      Westchester, New York

Fincey John

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ROCHELLE CRAIG,

                    Plaintiffs,

        - against -

SAXON MORTGAGE SERVICES, INC. DECISION ONE
MORTGAGE        COMPANY,      LLC;      MORTGAGE
ELECTRONIC    REGISTRATION    SYSTEMS,    INC.
("MERS"); NS REALTY INVESTORS GROUP, LLC; IRA
BIERKMAN, owner North Shore Investors Realty Group,
HDHJ Group LLC and NS Realty Investors Group;
ANDREW RIEGER Executive Accountant for Kondaur
Capital    Corporation;      KONDAUR      CAPITAL
CORPORATION; HDHJ GROUP LLC and DOES 1 to 50
Inclusive; NS REALTY INVESTOR GROUP, LLC;
KONDAUR CAPITAL CORPORATION; DOES 1 TO 10
INCLUSIVE;

                    Defendants.

-------------------------------------------------------------------x

|  |  |
|---|---|
| | DECLARATION IN SUPPORT OF PRE-ANSWER MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) |
| | Case No. 13-cv-4526-(SJF)(GRB) |

STATE OF NEW YORK        ) ss.:
COUNTY OF WESTCHESTER    )

        Fincey John, Esq., hereby declares under the penalty of perjury, pursuant to 28 U.S.C.

§1746, the following:

        1.      I am an associate in the law firm of Knuckles, Komosinski & Elliott, LLP,

counsel for Defendant Kondaur Capital Corporation (hereinafter "Kondaur") in the above-

captioned matter, and as such, I am fully familiar with the facts and proceeding of this action

based upon a review of this file and communications with my client.   This declaration is

submitted in support of Kondaur's Pre-Answer Motion to Dismiss the Amended Complaint with

prejudice pursuant to Federal Rule 12(b)(6) and Rule 9(b).

        2.      The reasons why the within Pre-Answer Motion to Dismiss should be granted are

set forth in the accompanying Memorandum of Law.   The exhibits offered in support of the

motion are listed below:

       3.      Annexed hereto as **Exhibit "A"** is a copy of the Complaint, without exhibits, filed by Plaintiff in the United States District Court Eastern District under case number 2:13-cv-4526.

       4.      Annexed hereto as **Exhibit "B"** is a copy of the notice of pendency filed with the Suffolk County Clerk's office in the underlying foreclosure action.

       5.      Annexed hereto as **Exhibit "C"** is a copy of the correspondence, dated December 15, 2011, notifying the Plaintiff of the transfer of servicing rights from Kondaur to Defendant North Shore Investors Realty Group, LLC.

       6.      Annexed hereto as **Exhibit "D"** is a copy of the recorded assignment of mortgage from Kondaur to Defendant North Shore Investors Realty Group, LLC dated December 16, 2011.

       7.      Annexed hereto as **Exhibit "E"** is a copy of Kondaur's pre-answer motion to dismiss, without exhibits, the Plaintiff's Complaint

       8.      Annexed hereto as **Exhibit "F"** is a copy of Plaintiff's Amended Complaint, without exhibits.

       WHEREFORE, it is respectfully submitted that Defendant's motion to dismiss should be granted.

Dated:     Elmsford, New York
          April 10, 2014

                                   Yours, etc.,
                                   **KNUCKLES, KOMOSINSKI & ELLIOTT, LLP**

                                   By: _____
                                      FINCEY JOHN, ESQ.